260 So.2d 641

**STATE of Louisiana**

v.

**Eddie Lee SMITH.**

**No. 52090.**

April 13, 1972.

· Samuel H. Collins, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Eddie Lee Smith, appeals from a conviction of simple burglary, La. R.S. 14:62. He was sentenced as a fourth felony offender under La.R.S. 15:529.1 to serve twenty years at hard labor in the Louisiana State Penitentiary, and for the reversal of his conviction and sentence he relies on one bill of exceptions reserved during the course of his trial.

The defendant complains that his plea of not guilty by reason of insanity was overruled *in limine* but that after conviction (actually ten months) he was brought to the court and found presently insane and committed to Jackson. All this occurred long after the defendant's appeal was taken and is not properly before us in this appeal. Whatever rights the defendant may have to review the action of the court in committing him to Jackson are reserved to him.

The single bill of exceptions was taken to the overruling of the motion to suppress on the contention that the in-field identification violated the defendant's constitutional rights. The trial judge's per

curiam correctly rejects this contention under the evidence taken.

The police officer witnesses testified they responded within two minutes of the offense based on a radioed description of the suspect and arrested the fleeing accused within three blocks of the place of the crime. Within another couple of minutes, the defendant was positively identified by the victim.

Additionally, the prosecution bases its case on the victim's strong, independent in-court identification. There was no official line-up which could have served as a crutch for the identification by the victim, neither were any mug-shots presented to suggest who to identify.

This Court has repeatedly held that a criminal suspect may be apprehended so close in proximity to time and place of the crime itself that the exigencies of the situation make it neither practical nor necessary to afford counsel for an in-the-field identification. State v. Richey, 258 La. 1094, 249 So.2d 143 (1971); State v. Amphy, 259 La. 161, 249 So.2d 560 (1971). Neither United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, nor Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) require a contrary holding.

For these reasons, the conviction and sentence are affirmed.